**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.**

**HOPE CHANNEL INTERNATIONAL, INC., a Maryland non-profit corporation,**

**Plaintiff,**

**v.**

**HOPE MEDIA GROUP, a Texas non-profit corporation,**

**Defendant.**

# COMPLAINT

Plaintiff Hope Channel International, Inc. ("Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant Hope Media Group ("Defendant"), hereby alleges and states the following:

## NATURE AND BASIS OF ACTION

1. This is an action to enjoin Defendant's infringement, unfair competition, and false designation of origin based upon Defendant's use of the marks HOPE MEDIA GROUP, HOPE EVENTS, and HOPE NATION, which are confusingly similar to Plaintiff's previously registered trademark HOPE CHANNEL and its common law marks HOPE SABBATH SCHOOL, CELEBRATION OF HOPE, and HOPELINK, and to cancel Defendant's trademark registrations that were obtained in violation of Plaintiff's prior rights. Defendant's conduct violates Sections 32 and 43(a) of the Federal Trademark Act of 1946, known as the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), as well as Florida's common law of unfair competition.

2. Plaintiff seeks compensatory damages, punitive damages, permanent injunctive relief, cancellation of Defendant's trademark registrations, and recovery of Plaintiff's reasonable attorneys' fees and costs incurred in connection with this action.

**THE PARTIES**

3. Plaintiff Hope Channel International, Inc. is a Maryland non-profit corporation located and doing business at 12501 Old Columbia Pike, Silver Spring, Maryland 20904.

4. Upon information and belief, Defendant Hope Media Group is a Texas non-profit corporation located and doing business at 1722 Treble Drive, Humble, Texas 77338.

**JURISDICTION**

5. This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1338(a) and (b), because the claims address federal questions concerning the Lanham Act, 15 U.S.C. § 1121, trademark infringement and unfair competition pursuant to 15 U.S.C. §§ 1114(a) and 1125(a), and cancellation of federal trademark registrations pursuant to 15 U.S.C. §§ 1064 and 1119. The Court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant because Defendant owns and/or operates multiple radio stations in this District and has provided and offered its services under the infringing marks within this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims against Defendant occurred in this District.

**PLAINTIFF'S HOPE MARKS**

8. Plaintiff is a global Christian lifestyle network providing biblically grounded, culturally relevant content that helps people understand the Bible, discover healing, and experience God's love.

9. Plaintiff was founded as a broadcast television network in 2003 in response to the growing awareness of the importance of media evangelism, and has grown into a global network of over 80 channels, broadcasting in over 100 languages. Plaintiff has also expanded into digital broadcasting, online streaming, podcasting, online Bible study materials, travel planning services, and a wide range of related services.

10. The General Conference of Seventh-day Adventists, the highest ecclesiastical body of the Seventh-day Adventist Church, began using the mark HOPE CHANNEL ("Plaintiff's HOPE CHANNEL Mark") in connection with television broadcasting services at least as early as October 10, 2003.

11. Plaintiff was founded on December 19, 2007 as Adventist Television Network, Inc. and continued to use Plaintiff's HOPE CHANNEL Mark. The same personnel who were responsible for the use of the mark under the General Conference of Seventh-day Adventists continued to be responsible for the use of the mark under Adventist Television Network, Inc. Plaintiff subsequently changed its name to Hope Channel, Inc. and then to Hope Channel International, Inc.

12. Plaintiff is the owner of U.S. Trademark Registration No. 3066366 ("Plaintiff's Registratoin") for Plaintiff's HOPE CHANNEL Mark in connection with "television broadcasting, cable television broadcasting, and television broadcasting via a global computer network" in Class 38, and "entertainment, namely, a continuing religious program broadcast over television, satellite,

audio, and video media" in Class 41, which was filed on November 18, 2003 at the United States Patent and Trademark Office ("USPTO"), issued as a registration on March 7, 2006, and has a claimed date of first use and first use in commerce of October 10, 2003. The mark was originally registered in the name of General Conference Corporation of Seventh-day Adventists, which licensed the mark to Plaintiff until the registration was assigned to Plaintiff on July 30, 2019. A true and correct copy of the Certificate of Registration for U.S. Trademark Registration No. 3066366 is attached as **Exhibit 1**. The Trademark Assignment assigning the registration to Plaintiff is attached as **Exhibit 2**.

13. Plaintiff's Registration is valid, subsisting, and incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and provides presumptive, *prima facie* evidence of the validity of the registered mark and of the registration of the mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the registered mark in commerce under the Lanham Act, 15 U.S.C. §§ 1057 & 1115. As such, Plaintiff's Registration confers exclusive use of Plaintiff's HOPE CHANNEL Mark throughout the United States in connection with the services in Plaintiff's Registration.

14. Plaintiff currently uses Plaintiff's HOPE CHANNEL Mark in connection with television broadcasting services, cable television broadcasting services, satellite television broadcasting services, Internet broadcasting services, television production services, audio production services, video production services, podcast production services, podcast transmission services, downloadable audio podcasts in the field of religion, downloadable video podcasts in the field of religion, downloadable audio files in the field of religion, downloadable video files in the field of religion, movie production services, movie distribution services, online Bible study services, charitable fundraising services, informational services in the field of religion, online publications in the field of religion,

organization of events in the field of religion, and organization of travel and tours (collectively, hereinafter, referred to as "Plaintiff's Goods and Services").

15. Plaintiff's HOPE CHANNEL Mark is inherently distinctive.

16. Plaintiff has used Plaintiff's HOPE CHANNEL Mark in connection with Plaintiff's Goods and Services in interstate commerce in the United States continuously and without interruption since at least as early as October 2003.

17. Plaintiff's content produced and broadcast under Plaintiff's HOPE CHANNEL Mark reaches hundreds of thousands of viewers every year. Plaintiff also advertises Plaintiff's Goods and Services in print publications as well as online and via social media. In addition, Plaintiff has received significant unsolicited media coverage for Plaintiff's HOPE CHANNEL Mark and Plaintiff's Goods and Services offered under Plaintiff's HOPE CHANNEL Mark. As a result, the customers and potential customers of Plaintiff, and the public in general, have come to know and recognize Plaintiff's HOPE CHANNEL Mark as identifying Plaintiff's Goods and Services as services of the highest quality, and to associate Plaintiff's HOPE CHANNEL Mark exclusively with Plaintiff's Goods and Services.

18. Plaintiff has developed extensive and valuable goodwill and acquired distinctiveness in Plaintiff's HOPE CHANNEL Mark, and consumers have come to recognize Plaintiff's HOPE CHANNEL Mark and to associate it exclusively with Plaintiff's Goods and Services.

19. Plaintiff has also used the mark HOPE SABBATH SCHOOL ("Plaintiff's HOPE SABBATH SCHOOL Mark") in connection with Plaintiff's Goods and Services in interstate commerce continuously and without interruption since at least as early as January 1, 2015.

20. Plaintiff's HOPE SABBATH SCHOOL Mark is inherently distinctive.

21. Plaintiff has developed extensive and valuable goodwill and acquired distinctiveness in Plaintiff's HOPE SABBATH SCHOOL Mark, and consumers have come to recognize Plaintiff's HOPE SABBATH SCHOOL Mark and to associate it exclusively with Plaintiff's Goods and Services.

22. Plaintiff owns valid and enforceable common law trademark rights in Plaintiff's HOPE SABBATH SCHOOL Mark.

23. Plaintiff has also used the mark CELEBRATION OF HOPE ("Plaintiff's CELEBRATION OF HOPE Mark") in connection with Plaintiff's Goods and Services in interstate commerce continuously and without interruption since at least as early as November 26, 2018.

24. Plaintiff's CELEBRATION OF HOPE Mark is inherently distinctive.

25. Plaintiff has developed extensive and valuable goodwill and acquired distinctiveness in Plaintiff's CELEBRATION OF HOPE Mark, and consumers have come to recognize Plaintiff's CELEBRATION OF HOPE Mark and to associate it exclusively with Plaintiff's Goods and Services.

26. Plaintiff owns valid and enforceable common law trademark rights in Plaintiff's CELEBRATION OF HOPE Mark.

27. Plaintiff has also used the mark HOPELINK ("Plaintiff's HOPELINK Mark") in connection with Plaintiff's Goods and Services in interstate commerce continuously and without interruption since at least as early as June 1, 2013.

28. Plaintiff's HOPELINK Mark is inherently distinctive.

29. Plaintiff has developed extensive and valuable goodwill and acquired distinctiveness in Plaintiff's HOPELINK Mark, and consumers have come to recognize Plaintiff's HOPELINK Mark and to associate it exclusively with Plaintiff's Goods and Services.

30. Plaintiff owns valid and enforceable common law trademark rights in Plaintiff's HOPELINK Mark.

31. Plaintiff's HOPE CHANNEL Mark, Plaintiff's HOPE SABBATH SCHOOL Mark, Plaintiff's CELEBRATION OF HOPE Mark, and Plaintiff's HOPELINK Mark are hereinafter collectively referred to as "Plaintiff's HOPE Marks."

## **DEFENDANT'S WRONGFUL CONDUCT**

32. Defendant is a Christian media organization that owns and/or operates multiple radio stations offering Christian-themed content. Defendant uses the name and mark HOPE MEDIA GROUP ("Defendant's HOPE MEDIA GROUP Mark") as the name of a parent company for these radio stations, which operate under a variety of secondary brands including KSBJ, WayFM, Vida Unida, and Worship 24/7.

33. Upon information and belief, Defendant was previously known as KSBJ Educational Foundation, Inc., and changed its name to Hope Media Group in June 2020. At that time, Defendant only owned and operated a single radio station, KSBJ, in Houston, Texas.

34. Upon information and belief, in 2022, Defendant merged with WayFM, a national network of Christian radio stations, and began using Defendant's HOPE MEDIA GROUP Mark in connection with multiple stations.

35. Defendant has continued to rapidly expand in the last few years. Upon information and belief, Defendant currently owns and/or operates approximately fifty stations in twelve states, including twelve stations within this judicial district.

36. According to Defendant's websites at www.wayfm.com and www.vidaunida.com, the stations owned and/or operated by Defendant within this judicial district include 88.1 FM (West Palm Beach); 88.3 FM (Panama City Beach); 90.3 FM (West Palm Beach); 100.5 FM (Charlotte County); 89.5 FM and 100.5 FM (Fort Meyers); 89.5 FM (Marco Island); and 89.5 FM (Naples), all of which operate under the "Way FM" brand, as well as 90.9 FM (Miami), 96.7 FM (Stuart); 88.1 FM HD2 (West Palm Beach), and 90.3 FM (West Palm Beach), which operate under the "Vida Unida" brand. True and correct copies of printouts from these two websites are attached as **Exhibit 3** and **Exhibit 4**, respectively.

37. Defendant has prominently advertised its recent expansion in the South Florida market. For example, in January 2025, Defendant issued a press release advertising its expansion into the West Palm Beach area through the acquisition of two radio stations. A true and correct copy of the press release is attached as **Exhibit 5**.

38. Defendant also streams its content to consumers in this judicial district and throughout the United States through its websites at www.hopemediagroup.com, www.wayfm.com, and www.vidaunida.com.

39. Upon information and belief, many of Defendant's radio stations also have mobile applications through which they stream Defendant's content to consumers in this judicial district and throughout the United States.

**<u>DEFENDANT'S HOPE MEDIA GROUP MARK</u>**

40. Defendant has obtained three federal trademark registrations for Defendant's infringing HOPE MEDIA GROUP Mark.

41. Defendant is the owner of U.S. Trademark Registration No. 6965055 for the mark Hope media group for: "Charitable fundraising services; charitable fundraising services by means of organizing and conducting special events" in International Class 36; "radio broadcasting and radio communication services" in International Class 38; "concert booking; development and dissemination of printed educational materials of others in the field of Christian living; entertainment services in the nature of development, creation, production, distribution, and post-production of on-line multimedia religious entertainment content; entertainment services, namely, an ongoing multimedia program featuring religious content distributed via various platforms across multiple forms of transmission media; entertainment services, namely, providing podcasts in the field of religious instruction promoting Christian and family values; entertainment services, namely, providing video podcasts in the field of religious instruction promoting Christian and family values; production of radio and television programs; providing on-line religious instruction promoting Christian and family values; radio and television show programming; religious instruction services" in International Class 41; "hosting of digital content on the Internet" in International Class 42; and "Christian ministry services; conducting religious prayer services; provision of a web site featuring information about religion and religious lifestyles; religious and spiritual services, namely, providing gatherings and retreats to develop and enhance the spiritual lives of individuals" in International Class 45. The underlying application was filed on October

27, 2020, issued as a registration on January 24, 2023, and has a claimed date of first use and first use in commerce of August 12, 2020. The terms "MEDIA GROUP" are disclaimed in the registration. A true and correct copy of the Certificate of Registration for U.S. Trademark Registration No. 6965055 is attached as **Exhibit 6**.

42. Defendant is also the owner of U.S. Trademark Registration No. 7346933 for the mark for: "Concert booking; development and assimilation of educational materials in the field of Christian living; entertainment services in the nature of development, creation, production, distribution, and post-production of on-line religious content; entertainment services, namely, an ongoing multimedia program featuring religious content distributed via various platforms across multiple forms of transmission media; entertainment services, namely, providing podcasts in the field of religious instruction promoting Christian and family values; entertainment services, namely, providing video podcasts in the field of religious instruction promoting Christian and family values; production of radio and television programs; providing on-line religious instruction promoting Christian and family values; radio and television show programming; religious instruction services" in International Class 41. The underlying application was filed on August 17, 2023, issued as a registration on April 2, 2024, and has a claimed date of first use and first use in commerce of April 28, 2021. The terms "MEDIA GROUP" are disclaimed in the registration. A true and correct copy of the Certificate of Registration for U.S. Trademark Registration No. 7346933 is attached as **Exhibit 7**.

43. Additionally, Defendant is the owner of U.S. Trademark Registration No. 8049023 for the word mark HOPE MEDIA GROUP for: "Charitable fundraising services; charitable fundraising services by means of organizing and conducting special events" in International Class

36; "radio broadcasting and radio communication services" in International Class 38; "concert booking; development and dissemination of printed educational materials of others in the field of Christian living; entertainment services in the nature of development, creation, production, distribution, and post-production of on-line multimedia religious entertainment content; entertainment services, namely, an ongoing multimedia program featuring religious content distributed via various platforms across multiple forms of transmission media; entertainment services, namely, providing podcasts in the field of religious instruction promoting Christian and family values; entertainment services, namely, providing video podcasts in the field of religious instruction promoting Christian and family values; production of radio and television programs; providing on-line religious instruction promoting Christian and family values; radio and television show programming; religious instruction services" in International Class 41; "hosting of digital content on the Internet" in International Class 42; and "Christian ministry services; conducting religious prayer services; provision of a web site featuring information about religion and religious lifestyles; religious and spiritual services, namely, providing gatherings and retreats to develop and enhance the spiritual lives of individuals" in International Class 45. The underlying application was filed on April 1, 2025, issued as a registration on December 2, 2025, and has a claimed date of first use and first use in commerce of August 12, 2020. A true and correct copy of the Certificate of Registration for U.S. Trademark Registration No. 8049023 is attached as **Exhibit 8**.

44. Defendant's U.S. Trademark Registration Nos. 6965055, 7346933, and 8049023 are collectively, hereinafter, referred to as "Defendant's HOPE MEDIA GROUP Registrations."

45. Defendant has disclaimed any exclusive rights to the wording MEDIA GROUP in U.S. Trademark Registration Nos. 6965055 and 7346933.

46. Defendant's HOPE MEDIA GROUP Registrations all claim a date of first use and first use in commerce of August 12, 2020, or later.

**DEFENDANT'S HOPE EVENTS MARK**

47. Upon information and belief, Defendant also began using the infringing mark HOPE EVENTS ("Defendant's HOPE EVENTS Mark") in early 2024 in connection with organizing and arranging live Christian music events and related services.

48. Upon information and belief, Defendant prominently advertises and markets the events arranged under the HOPE EVENTS Mark on Defendant's radio stations, including the twelve stations within this judicial district.

49. Defendant obtained a trademark registration for Defendant's HOPE EVENTS Mark in February 2026. Specifically, Defendant is the owner of U.S. Trademark Registration No. 8137790 ("Defendant's HOPE EVENTS Registration") for the word mark HOPE EVENTS for: "Arranging and conducting special events for commercial, promotional, and advertising purposes; promoting the concerts, seminars or conferences of others" in International Class 35; "charitable fundraising services by means of musical concerts and educational seminars and conferences" in International Class 36; "concert, seminar and conference ticket reservation booking; entertainment, namely, live music concerts; arranging and conducting of concerts; rental of concert halls; organization of entertainment events in the nature of live music concerts and faith-based rallies; conducting of entertainment events in the nature of live music concerts and faith-based rallies; ticket reservation and booking services for recreational and leisure events, namely, concerts, seminars and rallies; providing on-line newsletters in the field of Christian and inspirational topics, music, musical and performing artists and speakers, live and recorded interviews, and concerts via e-mail; providing a website over a global computer information

network featuring information pertaining to radio programming and entertainment information pertaining to music, musical and performing artists, live and recorded interviews in the field of religious instruction promoting Christian and family values and inspirational topics, and music concerts; providing entertainment information to others on religious and inspirational topics, music, musical and performing artists and speakers, and live and recorded interviews and concerts; arranging and conducting special events in the fields of music, live music concerts, religion, faith-based, and inspirational topics" in International Class 41; and "providing a website over a global computer information network featuring information pertaining to inspirational stories and messages" in International Class 45. The underlying application was filed on March 23, 2023, issued on February 10, 2026, and has claimed dates of first use of November 1, 2023 for the services in Classes 35 and 41, and January 5, 2024 for the services in Classes 36 and 45, and a claimed date of first use in commerce of January 5, 2024 for all four Classes. The term "EVENTS" is disclaimed. A true and correct copy of the Certificate of Registration for U.S. Trademark Registration No. 8137790 is attached as **Exhibit 9**.

**DEFENDANT'S HOPE NATION MARK**

50. Upon information and belief, Defendant also began using the infringing mark HOPE NATION ("Defendant's HOPE NATION Mark") in early 2025 in connection with online videos, podcasts, and blogs in the field of Christianity.

51. Upon information and belief, Defendant prominently advertises the HOPE NATION content on its radio stations under the HOPE MEDIA GROUP Mark, as well as through social media channels including YouTube, Facebook, and Instagram.

52. Defendant has filed three federal trademark applications for Defendant's infringing HOPE NATION Mark.

53. Defendant is the owner of U.S. Trademark Application Serial No. 98965386 for the word mark HOPE NATION for: "Charitable fundraising; charitable fundraising services; charitable fundraising services by means of organizing and conducting special events; online charitable fundraising" in International Class 36, which was filed on January 15, 2025, on an intent-to-use basis. A true and correct copy of a printout from the USPTO Trademark Status and Document Retrieval ("TSDR") webpage of U.S. Trademark Application Serial No. 98965386 is attached as **Exhibit 10**.

54. Defendant is also the owner of U.S. Trademark Application Serial No. 98977633 for the word mark HOPE NATION for: "Entertainment in the nature of on-going radio programs in the field of Christian and inspirational music, musical and performing artists, live interviews and concerts; providing a website over a global computer information network featuring entertainment information on performing artists, music, religious instruction and prayer; providing online newsletters in the field of Christian and inspirational music, musical and performing artists, live interviews, and concerts via e-mail; concert booking; educational services, namely, development and dissemination of printed educational materials of others in the field of Christian living; entertainment services in the nature of development, creation, production, distribution, and post-production of on-line multimedia religious entertainment content; entertainment services, namely, ongoing multimedia programs featuring religious content distributed via various platforms across multiple forms of transmission media; entertainment services, namely, production of podcasts in the field of religious instruction promoting Christian and family values; entertainment services, namely, providing video and audio podcasts in the field of religious instruction promoting Christian and family values; entertainment services, namely, the provision of continuing radio and television programs in the field of Christian living; providing on-line

religious instruction promoting Christian and family values; radio and television show programming; religious instruction services" in International Class 41, which was filed on January 15, 2025, on an intent-to-use basis. A true and correct copy of a printout from the USPTO TSDR webpage of U.S. Trademark Application Serial No. 98977633 is attached as **Exhibit 11**. Plaintiff filed an opposition against this application on March 31, 2026.

55. Additionally, Defendant is the owner of U.S. Trademark Application Serial No. 98976323 for the word mark HOPE NATION for: "Downloadable mobile applications and software for streaming of audio material, visual material, music, and radio programming, and for providing information on performing artists, music, religious instruction and prayer; downloadable electronic newsletters in the field of Christian and inspirational music, musical and performing artists, live interviews and concerts, and religious instruction; downloadable electronic newsletters delivered by e-mail in the field of Christian and inspirational music, musical and performing artists, live interviews and concerts, and religious instruction" in International Class 9; "promotion in the field of entertainment, namely, promoting the music concerts and religious instruction of others; promoting the concerts of others" in International Class 35; "radio broadcasting services; radio broadcasting; radio program broadcasting; radio broadcasting consultation; and radio broadcasting of information and other programs; streaming of audio material on the Internet; and providing a website over a global computer network featuring information on radio broadcasting; radio broadcasting and radio communication services; broadcasting of radio programs" in International Class 38; "hosting of digital content on the Internet; cross-platform conversion of digital content into other forms of digital content" in International Class 42; and "Christian ministry services; conducting religious prayer services; religious services, namely, prayer meetings; provision of a web site featuring information about religion and religious lifestyles;

religious and spiritual services, namely, providing gatherings and retreats to develop and enhance the spiritual lives of individuals" in International Class 45. This application was filed on January 15, 2025, on an intent-to-use basis. A true and correct copy of a printout from the USPTO TSDR webpage of U.S. Trademark Application Serial No. 98976323 is attached as **Exhibit 12**.

56. Defendant's U.S. Trademark Application Serial Nos. 98965386, 98977633, and 98976323 are collectively, hereinafter, referred to as "Defendant's HOPE NATION Applications."

57. Defendant's HOPE NATION Applications were filed on the basis of an alleged intent to use the mark rather than actual use in commerce, which strongly suggests that Defendant was not using Defendant's HOPE NATION Mark at the time it filed Defendant's HOPE NATION Applications on January 15, 2025.

58. Defendant's HOPE MEDIA GROUP Mark, Defendant's HOPE EVENTS Mark, and Defendant's HOPE NATION Mark are collectively hereinafter referred to as "Defendant's HOPE Marks." The services offered and provided by Defendant in connection with Defendant's HOPE Marks are collectively hereinafter referred to as "Defendant's Services."

**DEFENDANT'S HOPE MARKS ARE IDENTICAL OR CONFUSINGLY SIMILAR TO PLAINTIFF'S HOPE CHANNEL MARK**

59. Defendant's HOPE Marks are highly similar to Plaintiff's HOPE Marks in appearance, sound, meaning, and commercial impression. The dominant term of each party's marks is the term "HOPE."

60. The parties' services are identical or virtually identical, in that both parties offer Christian-themed broadcasting services and ancillary and related services.

61. The parties' services are offered to the same types of consumers.

62. The parties' services are advertised, marketed, offered, and provided through the same channels of trade.

63. Upon information and belief, Plaintiff's ownership of Plaintiff's Registration for Plaintiff's HOPE CHANNEL Mark was disclosed to Defendant on or around June 28, 2019, in a trademark search report commissioned by Defendant.

64. Defendant thus had both actual and constructive notice of Plaintiff's rights in and to Plaintiff's HOPE CHANNEL Mark when it adopted Defendant's HOPE Marks.

65. Upon information and belief, Defendant adopted Defendant's HOPE Marks with the intention to trade off the goodwill and consumer recognition associated with Plaintiff's HOPE Marks.

66. Defendant's HOPE Marks, when used in connection with Defendant's Services, are likely to confuse, deceive, or mislead consumers and the general public into believing that Defendant's Services are produced by, provided by, distributed by, offered by, or licensed by Plaintiff.

67. Defendant's use of Defendant's HOPE Marks is also likely to cause reverse confusion, in that consumers are likely to believe mistakenly that Plaintiff is a member or division of Defendant's "Hope Media Group" organization.

68. The confusion caused by Defendant's unauthorized use of Defendant's HOPE Marks is likely to cause significant harm to Plaintiff and to the value of Plaintiff's HOPE Marks.

69. Plaintiff first learned of Defendant's registration and use of Defendant's HOPE Marks when the USPTO cited one of Defendant's HOPE MEDIA GROUP Registrations as a bar to registration of Plaintiff's application for the mark HOPE STUDIOS in U.S. Trademark Application Serial No. 97680944.

70. Plaintiff subsequently filed with the United States Trademark Trial and Appeal Board a Petition for Cancellation of Defendant's U.S. Trademark Registration No. 6965055 for Defendant's mark . That proceeding is still pending before the Board as Cancellation No. 92086941.

71. Defendant is continuing to use Defendant's HOPE Marks in connection with Defendant's Services in this judicial district and throughout the United States with full knowledge of Plaintiff's objections.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT IN VIOLATION OF**
**SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114**

72. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 71 of this Complaint and incorporates them herein by reference.

73. Plaintiff is the owner of U.S. Trademark Registration No. 3066366 for the mark HOPE CHANNEL (Plaintiff's Registration).

74. Defendant is using the marks HOPE MEDIA GROUP, HOPE EVENTS, and HOPE NATION (Defendant's HOPE Marks), each of which is identical to or a colorable imitation of Plaintiff's HOPE CHANNEL Mark Registration, in interstate commerce in connection with the broadcasting services and closely related services.

75. Plaintiff began using Plaintiff's HOPE CHANNEL Mark in commerce long before Defendant's first use of Defendant's HOPE Marks.

76. Defendant's HOPE Marks are identical to or substantially indistinguishable from Plaintiff's HOPE CHANNEL Mark in appearance, sound, meaning, and commercial impression.

77. Defendant is using Defendant's HOPE Marks in connection with services identical or extremely closely related to the goods and services offered by Plaintiff under Plaintiff's HOPE CHANNEL Mark.

78. Defendant's services offered under Defendant's HOPE Marks are advertised, marketed, offered, and provided to the same classes of consumers through the same channels of trade as the services offered by Plaintiff under Plaintiff's HOPE CHANNEL Mark.

79. Upon information and belief, Defendant's purpose in using Defendant's HOPE Marks was and is to deceive, mislead, and confuse consumers, so as to trade on the substantial reputation and goodwill enjoyed by Plaintiff in connection with Plaintiff's HOPE CHANNEL Mark.

80. Moreover, likelihood of confusion is enhanced by the fact that Plaintiff's HOPE CHANNEL Mark is strong, well-known, incontestable, and entitled to a broad scope of protection.

81. Defendant is not affiliated or associated with Plaintiff and has not been endorsed or sponsored by Plaintiff, nor has Plaintiff approved any of Defendant's Services offered, sold, or provided or intended to be offered, sold, or provided by Defendant under Defendant's HOPE Marks.

82. Defendant has never sought or obtained the permission of Plaintiff to use Defendant's HOPE Marks, nor has Plaintiff approved any of Defendant's Services offered under Defendant's HOPE Marks.

83. Defendant's use of Defendant's HOPE Marks in connection with Defendant's Services has caused, and is likely to continue to cause, confusion, mistake, or deception as to the origin of Defendant's Services and to falsely convey that Defendant's Services originate from or

are endorsed or authorized by Plaintiff, or that Defendant's Services are otherwise affiliated with Plaintiff, when such is not the case.

84. In addition, Defendant's use of the name and mark HOPE MEDIA GROUP in connection with Defendant's Services has caused, and is likely to continue to cause, confusion, mistake, or deception as to the origin of Plaintiff's Goods and Services, and to falsely suggest that Plaintiff's Goods and Services originate from or are endorsed or authorized by Defendant, or that Plaintiff's Goods and Services are otherwise affiliated with Defendant, when such is not the case.

85. Defendant's use of Defendant's HOPE Marks in connection with Defendant's Services constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

86. Plaintiff is informed and believes, and on that basis, alleges that Defendant has derived unlawful gains and profits from its infringing use of Defendant's HOPE Marks.

87. The goodwill of Plaintiff's business under Plaintiff's HOPE CHANNEL Mark is of great value, and Plaintiff will suffer irreparable harm should Defendant's trademark infringement be allowed to continue to the detriment of the trade reputation and goodwill of Plaintiff, for which damage Plaintiff cannot be adequately compensated at law.

88. Plaintiff has no control over the nature and quality of the services offered by Defendant under Defendant's HOPE Marks. Any failure, neglect, or default of Defendant in providing Defendant's Services will reflect adversely on Plaintiff. Thus, the value of Plaintiff's HOPE CHANNEL Marks is subject to damage by an entity Plaintiff cannot control.

89. Unless enjoined by this Court from so doing, Defendant will continue to engage in its acts of trademark infringement, unfair competition, and false representation and designations, to the irreparable damage and injury of Plaintiff.

90. Plaintiff has no adequate remedy at law.

91. Pursuant to 15 U.S.C. §§ 1116 and 1117, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant's infringement of Plaintiff's HOPE CHANNEL Mark, as well as monetary damages to redress the harm caused by Defendant's infringing acts, including but not limited to actual damages, Defendant's profits, attorneys' fees, and costs.

92. Defendant's infringing acts are willful, wanton and calculated to deceive, and have been undertaken in bad faith, making this an exceptional case entitling Plaintiff to recover additional damages and its reasonable attorney fees pursuant to 15 U.S.C. § 1117.

**COUNT II**
**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)**

93. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 71 of this Complaint, and incorporates them herein by reference.

94. Plaintiff is the owner of U.S. Trademark Registration No. 3066366 for the mark HOPE CHANNEL (Plaintiff's Registration).

95. Plaintiff is also the owner of valid and enforceable common law trademark rights in the marks HOPE SABBATH SCHOOL, CELEBRATION OF HOPE, and HOPELINK (collectively, along with HOPE CHANNEL, Plaintiff's HOPE Marks).

96. Plaintiff has used Plaintiff's HOPE Marks in connection with Plaintiff's Goods and Services and related services in interstate commerce in the United States continuously and without interruption since at least as early as October 2003.

97. Plaintiff's HOPE Marks are highly distinctive indicators of source that are associated exclusively with Plaintiff.

98. Plaintiff has advertised and promoted Plaintiff's HOPE Marks and Plaintiff's Goods and Services offered thereunder for many years throughout the United States.

99. Plaintiff has developed significant consumer recognition and goodwill in Plaintiff's HOPE Marks.

100. Defendant is currently using the marks HOPE MEDIA GROUP, HOPE EVENTS, and HOPE NATION (Defendant's HOPE Marks) in connection with Defendant's Services.

101. Defendant adopted and began using Defendant's HOPE Marks in connection with Defendant's Services long after Plaintiff began using Plaintiff's HOPE Marks, and long after Plaintiff's HOPE Marks became distinctive.

102. Defendant's HOPE MEDIA GROUP Mark, Defendant's HOPE NATION Mark, and Defendant's HOPE EVENTS Mark are all identical to or colorable imitations of Plaintiff's HOPE Marks.

103. Defendant's HOPE Marks are used in connection with services identical or extremely closely related to the goods and services offered by Plaintiff under Plaintiff's HOPE Marks.

104. Defendant's services offered under Defendant's HOPE Marks are advertised, marketed, offered, and provided to the same classes of consumers through the same channels of trade as the services offered by Plaintiff under Plaintiff's HOPE Marks.

105. Upon information and belief, Defendant's purpose in using Defendant's HOPE Marks was and is to deceive, mislead, and confuse consumers, so as to trade on the substantial reputation and goodwill enjoyed by Plaintiff in connection with Plaintiff's HOPE Marks.

106. Moreover, likelihood of confusion is enhanced by the fact that Plaintiff's HOPE Marks are strong, well-known, and entitled to a broad scope of protection.

107. Defendant has never sought or obtained the permission of Plaintiff to use Defendant's HOPE Marks, nor has Plaintiff approved any of Defendant's Services offered under Defendant's HOPE Marks.

108. Defendant's use of Defendant's HOPE Marks in connection with Defendant's Services has caused, and is likely to continue to cause, confusion, mistake, or deception as to the origin of Defendant's Services and to falsely convey that Defendant's Services originate from or are endorsed or authorized by Plaintiff, or that Defendant's Services are otherwise affiliated with Plaintiff, when such is not the case.

109. In addition, Defendant's use of the name and mark HOPE MEDIA GROUP in connection with Defendant's Services has caused, and is likely to continue to cause, confusion, mistake, or deception as to the origin of Plaintiff's Goods and Services, and to falsely suggest that Plaintiff's Goods and Services originate from or are endorsed or authorized by Defendant, or that Plaintiff's Goods and Services are otherwise affiliated with Defendant, when such is not the case.

110. Defendant's use of Defendant's HOPE Marks constitutes unfair competition and a false designation of origin or false or misleading description or representation of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

111. Plaintiff is informed and believes, and on that basis, alleges that Defendant has derived unlawful gains and profits from its infringing use of Defendant's HOPE Marks.

112. The goodwill of Plaintiff' business under Plaintiff's HOPE Marks is of great value, and Plaintiff will suffer irreparable harm should Defendant's trademark infringement be allowed to continue to the detriment of the trade reputation and goodwill of Plaintiff for which damage Plaintiff cannot be adequately compensated at law.

113. Plaintiff has no control over the nature and quality of the services offered by Defendant under Defendant's HOPE Marks. Any failure, neglect, or default of Defendant in providing Defendant's Services will reflect adversely on Plaintiff. Thus, the value of Plaintiff's HOPE Marks is subject to damage by an entity Plaintiff cannot control.

114. Unless enjoined by this Court from so doing, Defendant will continue to engage in its acts of trademark infringement, unfair competition, and false representation and designations, to the irreparable damage and injury of Plaintiff.

115. Plaintiff has no adequate remedy at law.

116. Pursuant to 15 U.S.C. §§ 1116 and 1117, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant's infringing acts, as well as damages for Defendant's Lanham Act violations.

117. Defendants' acts of infringement as alleged herein have been malicious, deliberate, and willful, making this an exceptional case for purposes of 15 U.S.C. § 1117.

**COUNT III**
**CANCELLATION OF DEFENDANT'S TRADEMARK REGISTRATIONS**
**PURSUANT TO THE LANHAM ACT, 15 U.S.C. §§ 1064 & 1119**

118. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 71 of this Complaint and incorporates them herein by reference.

119. Plaintiff asserts that Defendant's U.S. Trademark Registration Nos. 6965055, 7346933, and 8049023 (Defendant's HOPE MEDIA GROUP Registrations) for Defendant's HOPE MEDIA GROUP Mark and Defendant's U.S. Trademark Registration No. 8137790 (Defendant's HOPE EVENT Registration) for Defendant's HOPE EVENTS Mark should be cancelled under Section 14 of the Lanham Act, 15 U.S.C. § 1064, because Plaintiff has prior and

superior trademark rights in Plaintiff's HOPE Marks, and Defendant's HOPE MEDIA GROUP Mark and HOPE EVENTS Mark are identical or confusingly similar to Plaintiff's HOPE Marks.

120. Section 38 of the Lanham Act, 15 U.S.C. § 1119, states that "[i]n any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."

121. The Lanham Act provides for cancellation of a registration "by any person who believes that he is or will be damaged . . . by the registration of a mark on the principal register . . . (1) [w]ithin five years from the date of the registration of the mark." 15 U.S.C. § 1064.

122. Defendant's HOPE MEDIA GROUP Registrations and Defendant's HOPE EVENTS Registration all issued within five years prior to the date of this action.

123. Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), provides that a trademark may be refused registration if it "so resembles a mark registered in the Patent and Trademark Office, or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive."

124. Plaintiff has been using Plaintiff's HOPE Marks in commerce in connection with Plaintiff's Goods and Services since at least as early as October 2003. Plaintiff's HOPE CHANNEL Mark has been registered with the USPTO since March 7, 2006.

125. Defendant's HOPE MEDIA GROUP Registrations issued on January 24, 2023, April 2, 2024, and December 2, 2025, with a claimed date of first use in commerce of August 21, 2020 or later. Therefore, there is no question of priority of rights, as such priority belongs to

Plaintiff and Plaintiff's HOPE Marks, all of which were in use in commerce prior to August 21, 2020.

126. Defendant's HOPE EVENTS Registration issued on February 10, 2026, with a claimed date of first use in commerce of January 5, 2024. Therefore, there is no question of priority of rights, as such priority belongs to Plaintiff and Plaintiff's HOPE Marks.

127. Plaintiff's rights in Plaintiff's HOPE Marks are prior to and superior to Defendant's rights in Defendant's HOPE MEDIA GROUP Mark in Defendant's HOPE MEDIA GROUP Registrations and Defendant's HOPE EVENTS Mark in Defendant's HOPE EVENTS Registration.

128. Defendant's HOPE MEDIA GROUP Mark and Defendant's HOPE EVENTS Mark are each identical or confusingly similar to Plaintiff's HOPE Marks in appearance, sound, meaning, and commercial impression.

129. The services offered by Defendant under Defendant's HOPE MEDIA GROUP Mark and Defendant's HOPE EVENTS Mark are identical, virtually identical, or closely related to the services offered by Plaintiff under Plaintiff's HOPE Marks.

130. Defendant's Services offered under Defendant's HOPE MEDIA GROUP Mark and Defendant's HOPE EVENTS Mark are advertised, marketed, offered, and provided through the same channels of trade as Plaintiff's Goods and Services offered under Plaintiff's HOPE Marks are advertised, marketed, offered, and provided.

131. Upon information and belief, Defendant adopted Defendant's HOPE MEDIA GROUP Mark and Defendant's HOPE EVENTS Mark with full knowledge of Plaintiff's rights in and to Plaintiff's HOPE Marks and with the intent to trade off the goodwill and consumer recognition associated with Plaintiff's HOPE Marks.

132. Defendant's use of Defendant's HOPE MEDIA GROUP Mark and Defendant's HOPE EVENTS Mark in connection with the services listed in Defendant's HOPE MEDIA GROUP Registrations and Defendant's HOPE EVENTS Registration is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin, sponsorship or approval of Defendant, its services, and/or its commercial activities by or with Plaintiff, in violation of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

133. In addition, Defendant's use of Defendant's HOPE MEDIA GROUP Mark and Defendant's HOPE EVENTS Mark in connection with the services listed in Defendant's HOPE MEDIA GROUP Registrations and Defendant's HOPE EVENTS Registration is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin, sponsorship or approval of Plaintiff, its services, and/or its commercial activities by or with Defendant, in violation of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

134. Defendant had actual and constructive notice of Plaintiff's Registration for Plaintiff's HOPE CHANNEL Mark at the time Defendant filed all three of the applications for Defendant's HOPE MEDIA GROUP Mark as well as its application for Defendant's HOPE EVENTS Mark.

135. Plaintiff has been and will continue to be damaged by the continued registration of U.S. Trademark Registration Nos. 6965055, 7346933, and 8049023 for Defendant's HOPE MEDIA GROUP Mark and U.S. Trademark Registration No. 8137790 for Defendant's HOPE EVENTS Mark. If Defendant is permitted to maintain Defendant's HOPE MEDIA GROUP Registrations and Defendant's HOPE EVENTS Registration and retain such rights as conferred under the Principal Register of the Lanham Act, Defendant will retain an unlawfully gained

advantage to which Defendant is not entitled under the Lanham Act, to the detriment and harm of Plaintiff.

136. Therefore, this Court should issue an order cancelling Defendant's U.S. Trademark Registration Nos. 6965055, 7346933, 8049023, and 8137790, pursuant to 15 U.S.C. §§ 1064 & 1119.

**COUNT IV**
**UNFAIR COMPETITION UNDER FLORIDA COMMON LAW**

137. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 71 of this Complaint and incorporates them herein by reference.

138. Defendant, with full knowledge of the public awareness and value of Plaintiff's HOPE Marks, has traded off and misappropriated the reputation and valuable goodwill of Plaintiff's HOPE Marks in the State of Florida and has acted in a manner that has created and will continue to create a likelihood of confusion and mistake as to the source of Defendant's Services.

139. By falsely suggesting a connection with or sponsorship by Plaintiff, Defendant's actions are likely to lead consumers and the public to mistakenly believe that Defendant's Services are associated with, connected with, or sponsored by Plaintiff, to the detriment of Plaintiff, and without Plaintiff's authorization.

140. In addition, by falsely suggesting a connection with or sponsorship by Defendant, Defendant's actions are likely to lead consumers and the public to mistakenly believe that Plaintiff's Goods and Services are associated with, connected with, or sponsored by Defendant, to the detriment of Plaintiff, and without Plaintiff's authorization.

141. Defendant's actions constitute unfair competition and misappropriation in violation of the common law of the State of Florida.

142. Upon information and belief, Defendant intentionally adopted and is using Defendant's HOPE MEDIA GROUP Mark, HOPE EVENTS Mark, and HOPE NATION Mark so as to create consumer confusion and trade off Plaintiff's reputation and goodwill in Plaintiff's HOPE Marks.

143. Defendant has derived unlawful gain and profit from its unlawful acts alleged above, and has caused loss, injury, and damage to Plaintiff, its goodwill, and Plaintiff's HOPE Marks in an amount yet unknown but to be proven at trial.

**ALLEGATION OF DAMAGE COMMON TO ALL CLAIMS FOR RELIEF**

144. Plaintiff repeats each and every allegation contained in Paragraphs 1 through 143 above, as if set forth herein in full.

145. Plaintiff suffered, is suffering, and will continue to suffer irreparable harm and damage as a result of Defendant's wrongful conduct. Defendant will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all to the irreparable damage of the business and reputation of Plaintiff. Plaintiff's remedy at law is not adequate to compensate it for the injuries suffered and threatened.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays the Court:

1. Enter a judgment against Defendant stating that Defendant has committed and is committing acts of trademark infringement, unfair competition, and false designation of origin in violation of the rights of Plaintiff under 15 U.S.C. §§ 1114 and 1125(a);

2. Enter a judgment against Defendant that Defendant has willfully infringed the registered trademark rights of Plaintiff in and to Plaintiff's HOPE CHANNEL Mark under 15 U.S.C. § 1114.

3. Enter a judgment designating this action an exceptional case entitling Plaintiff to an award of its reasonable attorneys' fees incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

4. Enter a judgment against Defendant stating that Defendant has committed and is committing acts of unfair competition and misappropriation in violation of the common law of the State of Florida;

5. Enter a judgment against Defendant that Plaintiff's HOPE Marks have priority over Defendant's HOPE MEDIA GROUP Registrations and HOPE EVENTS Registration, and that Defendant's HOPE MEDIA GROUP Registrations and HOPE EVENTS Registration are likely to cause confusion with Plaintiff's HOPE Marks;

6. Enter a judgment cancelling U.S. Trademark Registration Nos. 6965055, 7346933, 8049023 (Defendant's HOPE MEDIA GROUP Registrations) and U.S. Trademark Registration No. 8137790 (Defendant's HOPE EVENTS Registration) in their entirety;

7. Issue preliminary and permanent injunctive relief enjoining Defendant, and its parents, subsidiaries, affiliates, officers, members, agents, representatives, servants, employees, attorneys, successors and assigns, and all other persons and entities acting in concert and participation with Defendant, from:

(i) using the marks HOPE MEDIA GROUP, HOPE EVENTS, and HOPE NATION, as well as any other name or mark that incorporates, imitates, or is confusingly similar to Plaintiff's HOPE Marks for any product or service, in any letterhead, sign, website, flyer, door hanger, advertising or promotion, e-mail or other document, either in print, broadcast, electronic or other form, either separately or compositely with other words;

(ii) registering or using as a trade name, trademark, service mark, Internet domain name, or portion thereof, any name or term that incorporates, imitates, or is confusingly similar to Plaintiff's HOPE Marks;

(iii) infringing on Plaintiff's HOPE Marks, including all written and spoken terms equivalent or confusingly similar thereto;

(iv) using "Hope Media Group," or any other name or mark confusingly similar to Plaintiff's HOPE Marks, as a corporate and/or trade name and/or fictitious name or portion thereof;

(v) using any false designation of origin or false description or statement which can or is likely to lead the trade or public or individuals erroneously to believe that any of Defendant's Services have been provided, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Plaintiff;

(vi) unfairly competing with Plaintiff in any manner; and

(vii) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (vi) above;

8. Order Defendant, at its own expense, to recall all marketing, promotional and advertising materials that bear or incorporate the marks HOPE MEDIA GROUP, HOPE EVENTS, HOPE NATION, or any other mark confusingly similar to Plaintiff's HOPE Marks, which have been distributed, sold, or shipped by Defendant or on its behalf, and to reimburse all customers from which said materials are recalled;

9. Order Defendant to destroy all labels, signs, prints, packages, molds, plates, dies, wrappers, receptacles, and advertisements in its possession or under its control, bearing the marks HOPE MEDIA GROUP, HOPE EVENTS, HOPE NATION, and/or any simulation, reproduction, copy, or colorable imitation thereof, and all plates, molds, matrices, and any other means of making the same;

10. Order Defendant to file with this Court and to serve upon Plaintiff within thirty (30) days after the entry of injunctive relief against Defendant in this action, a written report by Defendant, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

11. Order the USPTO to cancel U.S. Trademark Registration Nos. 6965055, 7346933, and 8049023 for Defendant's HOPE MEDIA GROUP Mark and U.S. Trademark Registration No. 8137790 for Defendant's HOPE EVENTS Mark;

12. Order Defendant to expressly abandon its U.S. Trademark Application Serial Nos. 98965386, 98977633, and 98976323 for Defendant's HOPE NATION Mark;

13. Order Defendant never to file an application for any trademark consisting of or containing HOPE MEDIA GROUP, HOPE EVENTS, HOPE NATION or any other mark that is confusingly similar to Plaintiff's HOPE Marks, with the USPTO or any state trademark office;

14. Order Defendant to transfer the domain names <hopemediagroup.com>, <hopenation.com>, and any other domain names in its possession, custody, or control incorporating the term "HOPE," to Plaintiff;

15. Order a full and complete accounting by Defendants to Plaintiff of all amounts due and owing to Plaintiff as a result of Defendant's infringing activities, including any profits gained

from Defendant's Services provided under the marks HOPE MEDIA GROUP, HOPE EVENTS, and/or HOPE NATION;

16. Order Defendant to pay the general, special, actual, and statutory damages to Plaintiff, including for injury to Plaintiff's business reputation and goodwill, and all other damages arising out of Defendant's acts of infringement and unfair competition, in an amount yet to be determined, as follows: Plaintiff's damages or Defendant's profits, whichever is greater, trebled pursuant to 15 U.S.C. § 1117(a) for Defendant's willful violation of the federally registered trademark of Plaintiff (Plaintiff's Registration);

17. Order Defendant to pay to Plaintiff both the costs of this action and reasonable attorneys' fees, plus applicable interest, incurred by Plaintiff in prosecuting this action pursuant to 15 U.S.C. § 1117(a); and

18. Award such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 1, 2026

Respectfully submitted,

By: *Jennifer Olmedo-Rodriguez*

Jennifer Olmedo-Rodriguez, Esq.
Jennifer.olmedo-rodriguez@bipc.com
Fla. Bar No.: 605158
Angelica D. Zolneirowicz, Esq.
angelica.zolnierowicz@bipc.com
Fla. Bar No.: 1048628
BUCHANAN INGERSOLL & ROONEY PC
One Biscayne Tower
2 S Biscayne Blvd Ste. 1500
Miami, FL 33131-1822

Tel.: (305) 347-4080
Fax: (305) 347-4089

-and-

Bassam N. Ibrahim*
bassam.ibrahim@bipc.com
**pro hac vice* motion forthcoming
VA Bar No.: 43353
Bryce J. Maynard*
bryce.maynard@bipc.com
**pro hac vice* motion forthcoming
VA Bar No. 47151
John M. Nading*
john.nading@bipc.com
**pro hac vice* motion forthcoming
DC Bar No. 981625
BUCHANAN INGERSOLL & ROONEY PC
1700 K Street, N.W., Suite 300
Washington, DC 20006-3807
Tel.: (202) 452-7900
Fax: (202) 452-7989

***Attorneys for Plaintiff Hope Channel International, Inc.***

4910-5905-8087, v. 2